UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN HILLERSON,

    Plaintiff,

v.                                            CASE NO.: 8:14-cv-1038-T-23MAP

GREEN TREE SERVICING, LLC, et al.,

    Defendants.
_____/

## **ORDER**

    The plaintiff sues for violation of the Fair Credit Reporting Act (FCRA), for defamation, and for negligence.  Green Tree and Bank of America move (Docs. 8, 10) to dismiss the state law claims as preempted by the FCRA.  Additionally, Green Tree moves under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the FCRA claim.

    After the plaintiff quit-claimed property under a divorce decree, Bank of America sued to foreclose.  The plaintiff and Bank of America entered a "Joint Stipulation" in which Bank of America "waive[d] any right to proceed against [the plaintiff] for a deficiency Judgment." (Doc. 1-2 at 1)  Nonetheless, Green Tree and Bank of America falsely reported to consumer reporting agencies that the plaintiff's Bank of America account was deficient, delinquent, and "charged-off."  The plaintiff disputed the reports, but the defendants took no remedial action.

**FCRA claim**

Count I alleges that the defendants violated Section 1681s-2 of the FCRA, which imposes two duties on a "furnisher of information."[1]  Section (a) requires a furnisher to submit accurate information to a credit reporting agency (CRA). Section (b) requires a furnisher to investigate and respond to a consumer dispute. *Green v. RBS Nat'l Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008).  However, the FCRA creates no private right of action for a violation of section (a); only the federal or the state government may enforce the FCRA.  *Green*, 288 Fed. Appx. at 642 n.2; *accord Nawab v. Unifund CCR Partners*, 553 Fed. Appx. 856, 860 (11th Cir. 2013). Accordingly, Count I is dismissed to the extent that the plaintiff alleges a violation of section (a).

Also, Green Tree correctly argues that the FCRA creates no private right of action for injunctive relief.  *Washington v. CSC Credit Serv. Inc.*, 199 F.3d 263, 268-69 (5th Cir. 2000); *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1307 (M.D. Ala. 2009) (Albritton, J.); *Palacia v. Citimortgage, Inc.*, 2013 WL 2182012, at *3-4 (S.D. Fla. May 20, 2013) (Middlebrooks, J.).  The plaintiff's claim in Count I for injunctive relief is dismissed.

---

[1] "Furnisher of information" is not defined in the FCRA but "is generally understood to include various types of creditors, such as banks and other lenders, that provide credit information about their customers to other entities that issue consumer reports about the customers' credit worthiness." *Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1009 n.2 (D. Colo. 2012) (Daniel, J.) (internal quotation marks omitted). Neither defendant denies qualifying as a "furnisher of information" under the FCRA.

Finally, Green Tree argues that the plaintiff's FCRA claim fails because the plaintiff's "frivolous" dispute triggered no duty in Green Tree to investigate under Section 1681s-2(b).[2] Green Tree stresses that "the Joint Stipulation demonstrates that the Account **was delinquent**." (Doc. 10 at 5)

Green Tree raises a factual issue best addressed on a more mature record. The plaintiff alleges both that the defendants inaccurately reported that his account was delinquent, deficient, and "charged-off" and that a Green Tree representative conceded the inaccuracy. (Doc. 1 at ¶¶ 14, 16, 18) The Joint Stipulation does not call the allegations into question. Although Bank of America waived "any right" to a deficiency judgment, the waiver of a merely speculative right to a deficiency offers no evidence that the plaintiff's account was delinquent.

**Preemption of state law claims**

Count II, a claim for defamation, alleges that the defendants "willfully and maliciously published the negative and incorrect information regarding the disputed account to the Credit Reporting Agencies and through the Credit Reporting Agencies to Plaintiff's potential lenders on multiple occasions." Count III alleges that the

---

[2] In support, Green Tree cites precedent applicable to a CRA's duty to investigate under Section 1681i(a) of the FCRA. *See Williams v. Colonial Bank*, 826 F. Supp. 415, 418 (M.D. Ala. 1993) (Thompson, J.). But Section 1681i(a)(3) specifically allows a CRA to terminate an investigation if the CRA "reasonably determines that the dispute by the consumer is frivolous or irrelevant." Although Section 1681s-2(a) contains a similar frivolity exception, Section 1681s-2(b) does not. *See also Abbett v. Bank of America*, 2006 WL 581193, at *4 (M.D. Ala. Mar. 8, 2006) (Watkins, J.) (observing that, under Section 1681s-2(b), "[a] substantive investigation is required irrespective of accuracy").

- 3 -

defendants negligently failed to investigate the plaintiff's dispute. (Doc. 1 at ¶¶ 38, 42-44)

Claiming preemption by the FCRA, Green Tree and Bank of America move to dismiss the plaintiff's state law claims. The defendants invoke Section 1681t(b)(1)(F), which states:

> (b) . . . . No requirement or prohibition may be imposed under the laws of any State –
>
>     (1) with respect to any subject matter regulated under–
>
>         . . . .
>
>         (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

Because the plaintiff's state law claims challenge the defendants' reporting and investigation of the plaintiff's credit information, the defendants convincingly argue that the claims present "subject matter regulated under . . . section 1681s-2." The plaintiff only tepidly contests Section 1681t(b)(1)(F)'s application.

Instead, the plaintiff argues that Section 1681h(e), an FCRA preemption provision that pre-dates Section 1681t(b)(1)(F), resurrects his state law claims. In contrast to Section 1681t(b)(1)(F), Section 1681h(e) includes a "carve-out" for claims involving "false information furnished with malice or willful intent":

> (e) Limitation on liability
>
> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of

> defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

(emphasis added)  The plaintiff argues that the allegations of falsity and malice place the claims securely within Section 1681h(e)'s preemption exception.

Because Section 1681h(e) appears to sanction some claims otherwise preempted under Section 1681t(b)(1)(F), courts take varied approaches to reconciling the perceived conflict.[3]  *Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1358-61 (N.D. Ga. 2011) (Batten, J.); *Carruthers v. Am. Honda Fin Corp.*, 717 F. Supp. 2d 1251, 1253-58 (N.D. Fla. 2010) (Hinkle, J.).  The Eleventh Circuit has not addressed the issue.  *See Lofton-Taylor v. Verizon Wireless*, 262 Fed. Appx. 999, 1002-03 (11th Cir. 2008) (holding that Section 1681h(e) preempted the plaintiff's state law claims because the plaintiff introduced no evidence of falsity or malice and declining to

---

[3] The so-called "statutory" approach to reconciliation holds that Section 1681t(b)(1)(F) preempts only statutory claims, while Section 1681h(e) preempts common law claims. The "temporal" approach holds that Section 1681t(b)(1)(F) preempts both statutory and common law claims but only those claims based on actions after a furnisher receives notice of an alleged inaccuracy. The "total-preemption" approach holds that Section 1681t(b)(1)(F) trumps Section 1681h(e). The common rationales include that Section 1681t(b)(1)(F) constitutes an implied repeal of Section 1681h(e) and that the more specific language in Section 1681t(b)(1)(F) governs. Eliminating any perceived conflict, a newer approach holds that Section 1681h(e) does not apply to a furnisher of information. *Ross v. FDIC*, 625 F.3d 808, 814 (4th Cir. 2010) (declining to address "the alleged conflict between § 1681h(e) and § 1681t(b)(1)(F)" and expressing doubt over whether Section 1681h(e) applies to a furnisher of information); *Spencer*, 831 F. Supp. 2d at 1358-62.

address whether Section 1681t(b)(1)(F) is "broad enough to also preclude her claims").

However, two recent federal appellate decisions offer a sound and persuasive resolution: no inconsistency exists. *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011). As Judge Easterbrook explains:

> Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a *right* to recover for wilfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Purcell*, 659 F.3d at 625. Adopting a similar position, the Second Circuit finds that "the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption." *Macpherson*, 665 F.3d at 48. Applying the Seventh Circuit resolution to the present dispute results in preemption of the state law claims by Section

1681t(b)(1)(F) because the plaintiff's state law claims address a subject regulated under Section 1681s-2.

Accordingly, Bank of America's motion (Doc. 8) is **GRANTED**.  Green Tree's motion (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART.** Counts II and III of the complaint (Doc. 1) are **DISMISSED WITH PREJUDICE**. Count I is **DISMISSED WITH PREJUDICE** as to any alleged violations of 15 U.S.C. § 1681s-2(a) and as to the plaintiff's request for equitable relief.

ORDERED in Tampa, Florida, on October 24, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE